NOT FOR PUBLICATION (Doc. No. 8)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| Irfan KHAN, | : |
| Plaintiff, | : Civil No. 16-2650 (RBK/JS) |
| v. | : **Opinion** |
| STOCKTON UNIVERSITY, et al., | : |
| Defendant(s). | : |

**KUGLER**, United States District Judge:

This matter comes before the Court on the Complaint of Plaintiff Irfan Khan ("Plaintiff"), *pro se*, against Stockton University ("SU"), Sara Martino, Thomasa Gonzales, and Elizabeth Shore (collectively, "Defendants"), asserting claims for mental anguish and emotional distress. Currently before the Court is Defendants' Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. No. 8). For the reasons expressed below, Defendants' Motion to Dismiss is **GRANTED**.

I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This matter arises from the alleged conduct of SU and its staff towards Plaintiff. Compl. 3. Ten years ago, Plaintiff was supposedly expelled from SU after SU falsely reported Plaintiff threatening the friend of a Professor, Martino. *Id.* Two years ago, Martino and her friends at SU purportedly began harassing Plaintiff at his home and calling him names. *Id.* Following these incidents, SU allegedly created two additional false reports regarding Plaintiff that resulted in a jail sentence for Plaintiff and an arrest. *Id.* Martino and her friends have continued harassing

Plaintiff as recently as two months ago. *Id.* To remedy his mental anguish and emotional distress, Plaintiff requests monetary relief and detention for "the people of [the] University." *Id.* On May 11, 2016, he filed a Complaint (Doc. No. 1), and on August 22, 2016, Defendants brought the present Motion to Dismiss (Doc. No. 8).

## II.    LEGAL STANDARD

The Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). A district court has subject matter jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332; "federal question" jurisdiction under 28 U.S.C. § 1331; or jurisdiction supplemental to the original claim under 28 U.S.C. § 1367.

When evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). A complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). It is not for courts to decide at this point whether the non-moving party will succeed on the merits, but "whether they should be afforded an opportunity to offer evidence in support of their claims." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 215 (3d Cir. 2002). While "detailed factual allegations" are not necessary, a "plaintiff's obligation to provide the grounds of

his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

### III.  DISCUSSION

Plaintiff does not specify the provision under which it is invoking this Court's subject matter jurisdiction. It neither references the Constitution, laws, or treaties of the United States, nor pleads the citizenship of Defendants Martino, Shore, or Gonzales. As such, Plaintiff fails to meet his burden to show that jurisdiction lies in this Court. Further, although Plaintiff makes factual allegations regarding the conduct of SU and Defendant Martino, it is not clear what types of claims he is bringing. He writes only that he is seeking compensation for mental anguish and emotional distress. Even with a liberal construal of the Complaint, the Court cannot conclude that it meets the standard of Rule 12(b)(6). The Court, however, will allow Plaintiff an opportunity to amend because there is a possibility he could demonstrate subject matter jurisdiction and a plausible claim for relief. The Complaint is dismissed without prejudice.

### IV.  CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is **GRANTED**.

Dated:   1/6/2017                                         s/ Robert B. Kugler
                                                                        ROBERT B. KUGLER
                                                                        United State District Judge